```
              IN THE UNITED STATES DISTRICT COURT

                   FOR THE DISTRICT OF OREGON

                         MEDFORD DIVISION
```

TIMOTHY M. HATFIELD,                      Case No. 1:12-CV-00436-SU

        Petitioner,              FINDINGS AND RECOMMENDATIONS

  v.

SUPERINTENDENT RICK ANGELOZZI,

        Respondent.

SULLIVAN, Magistrate Judge.

    Petitioner filed this 28 U.S.C. § 2254 habeas corpus case on March 9, 2012 challenging his state-court conviction for Assault in the Second Degree. Respondent asks the court to dismiss this action without prejudice on the basis that petitioner has not exhausted his state court remedies, thus his federal habeas challenge is premature. Petitioner has filed a Response brief which the Clerk docketed as a Motion (#28) because petitioner also asks the court to find the State's attorney in contempt. Petitioner also moves for the appointment of counsel.

1 - FINDINGS AND RECOMMENDATIONS

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). "In general, a habeas petition should be dismissed if a petitioner has failed to exhaust state remedies as to even one claim." *James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994 (citing *Rose*). The proper time to determine whether petitioner has exhausted his state court remedies is at the time he files his federal habeas corpus petition. *Brown v. Maass*, 11 F.3d 914, 915 (9th Cir. 1993). A habeas corpus action that is filed prior to the completion of exhaustion should be dismissed without prejudice. *Davis v. Silva*, 511 F.3d 1005, 1008 (9th Cir. 2008).

Petitioner signed his Petition for Writ of Habeas Corpus on March 9, 2012, and it is both uncontroverted and clear from the record that he had not exhausted his state court remedies at that time. While petitioner contends that he recently completed exhaustion during the pendency of this case, that does not change the fact that he filed this case prematurely. *See Brown,* 11 F.3d at 915 (the time to assess exhaustion is "not when [the petition] comes on for a hearing in the district court"); *Cf. McKinney v. Carey*, 311 F.3d 1198, 1200-01 (9th Cir. 2002) (prisoner's civil rights action must be dismissed without prejudice as premature even where he fully exhausts while the federal suit is pending). As a

result, the court should dismiss this action without prejudice to petitioner's right to refile the action when he has fully exhausted his state court remedies. The court should also deny petitioner's request to find respondent's counsel in contempt of court as baseless.

## RECOMMENDATIONS

The court should dismiss the Petition for Writ of Habeas Corpus (#3) as unexhausted and enter a judgment dismissing this case without prejudice to petitioner's right to refile the action. The court should also deny petitioner's Request to Find Respondent's Counsel in Contempt of Court (#28).

## SCHEDULING ORDER

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due within 14 days. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this __5th__ day of November, 2012.

    /s/ PATRICIA SULLIVAN
    Patricia Sullivan
    United States Magistrate Judge