IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**TIMOTHY M. HATFIELD**,

        Petitioner,

  v.

**SUPERINTENDENT RICK ANGELOZZI**,

        Respondent.

Case No. 1:12-cv-00436-SU

**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS**

**SIMON, District Judge**.

      Magistrate Judge Patricia Sullivan filed Findings and Recommendations in the above-captioned case on November 5, 2012. Dkt. 30. Judge Sullivan recommended that the court should dismiss the Petition for Writ of Habeas Corpus, Dkt. 3, as unexhausted and enter a judgment dismissing this case without prejudice to Petitioner Timothy M. Hatfield's ("Petitioner") right to refile the action. Judge Sullivan also recommended that the court should deny Petitioner's Request to Find Respondent's Counsel in Contempt of Court. Dkt. 28. Petitioner filed objections and Respondent Superintendent Rick Angelozzi filed a response. Dkts. 34, 35.

      Under the Federal Magistrates Act, the court may "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." Federal Magistrates Act, 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate's findings and recommendations,

"the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of an F&R to which neither party has objected, the Magistrates Act does not prescribe any standard of review: "There is no indication that Congress, in enacting [the Magistrates Act], intended to require a district judge to review a magistrate's report[.]" *Thomas v. Arn*, 474 U.S. 140, 152 (1985); *see also United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.) (en banc), *cert. denied*, 540 U.S. 900 (2003) (the court must review de novo magistrate's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a de novo or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the court review the magistrate's findings and recommendations for "clear error on the face of the record."

In his objections, Petitioner contends that he exhausted his state court remedies before Judge Sullivan signed the Findings and Recommendations. Dkt. 34 at 4. As Judge Sullivan explained, however, the "proper time to determine whether petitioner has exhausted his state court remedies is at the time he files his federal habeas corpus petition." Dkt. 30 at 2 (citing *Brown v. Maass*, 11 F.3d 914, 915 (9th Cir. 1993)). The court, therefore, orders that Judge Sullivan's Findings and Recommendations, Dkt. 30, are **ADOPTED**. Plaintiff's Petition for Writ of Habeas Corpus, Dkt. 3, is **DISMISSED** without prejudice. Petitioner may file a new petition for habeas corpus relief now if his state court remedies are exhausted or after his state court remedies are exhausted. *See Slack v. McDaniel*, 529 U.S. 473, 487, (2000) (a § 2254 application

filed after an earlier application that was dismissed without prejudice for failure to exhaust state court remedies is not a second or successive application).

    IT IS SO ORDERED.

    Dated this 21st day of December, 2012.

                                           /s/ Michael H. Simon
                                           Michael H. Simon
                                           United States District Judge